Internal Revenue, and I see Mr. Rogers and Mr. Carpenter. Can you both hear me? Yes, Your Honor. Yes, Your Honor. Then we can get started. Mr. Rogers, you may proceed. Okay. Good morning, Your Honors. My name is John Rogers. I represent the petitioners in this case. I believe that the case should be decided in favor of the Wegbreits on three small points, or three short but important points. First, the sale of the Oak Ridge interest associated with the Wegbreits took place on September 14th, 2004 by a contract sale. Mr. Rogers, you stipulated that the sale occurred in January of 2005. I know I did, but I'm relying on the presumption that if something is of serious justice issue, that the presumption can be ignored, or the stipulation. What case do you have to support that proposition? I don't. I just have looking at the tax court rules and procedure that if justice requires. But if you're referring to the tax court rule 901, I believe it is, that's something you had to raise with the tax court first. It doesn't seem to me that you raised this issue with the tax court first. Do you agree with that? Yes. So how can you raise it here for the first time? Well, in the Chai case, the petitioner raised the 6751B issue for the first time on appeal, and had not raised it in the tax court, and the Second Circuit allowed that. It seems to me you've waived that argument by not raising it first below. Well, I can just proceed, Your Honor. Secondly, the petitioners were intimidated by district counsel. The IRS counsel communicated to the petitioners that if they did not concede their case, they would be accused of fraud. And they did that before there was any amended petition. And so that was in noncompliance with 6751B because they specifically did not wait for an amended petition, amended answer to raise the fraud issue. Mr. Rogers, didn't you also stipulate that 6751B was satisfied below? Yes, but I believe this is, I did, Your Honor, but I believe that this is so important that it requires the stipulation being waived. And did you raise this challenge with the tax court? No, Your Honor. All right. Thank you. Mr. Rogers, did you raise this challenge with the tax court? No, Your Honor. Mr. Rogers, did you raise this challenge with the tax court? No, Your Honor. Mr. Rogers, did you raise this challenge with the tax court? No, Your Honor. Mr. Rogers, did you raise this challenge with the tax court? As Your Honor has pointed out, the Waveride stipulated to several of these issues that Mr. Rogers is raising today, stipulated that the sale occurred in 2005. They stipulated that Section 6751B was satisfied. Mr. Rogers has just now raised a new argument that isn't in their briefs about pleading fraud with particularity. That's never been raised in the case until now. We would certainly say that it was pleaded with particularity, but that issue's been waived, having not been raised before. And the Waverides have not shown any clear error in the tax court's findings on the badges of fraud. They've put forward sort of their version of the evidence, but even if that's a plausible interpretation of the evidence, their burden is to show that the tax court's view of the evidence is not even plausible. And they haven't come anywhere close to that. They haven't shown any evidence in the record that establishes that the tax court's findings were clearly erroneous. On the year of the sale issue, I would just add that in addition to having stipulated that it occurred in 2005, the actual issue is not when the sale occurred, but when the income was received. And that as well is stipulated that the company that bought Mr. Waveride's interest in Oak Ridge actually paid the purchase price in 2005. And I don't think there's any dispute that that happened in 2005. So the tax court properly attributed that income to the Waveride's 2005 tax year. And I think on the other issues, I'd be happy to answer any questions that the court has, but we would otherwise not take up any more of your time and rest on our brief. I'm not hearing any further questions or seeing any signal that there are any further questions. So thank you very much, Mr. Carpenter. Mr. Rogers. Yes. Yes, Your Honor. I would take issue with the purchase price being paid. This was a contract of sale, not a sale to make a contract, not a contract to make a sale, but a contract of sale. And by Illinois law, once all of the members of LLC have signed off on a sale contract, that immediately does title, legal title and equitable title in the purchaser. And under the case of Clay versus U.S. in the Supreme Court in 1965, a sale was defined as the taxpayer conveying title and receiving something in return at that point in time, not on a deferred basis like in a real estate closing. And I have no further comments. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement.